UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RAMEL ROBINSON,

        Plaintiff,

    v.

THE U.S. MARSHAL'S SERVICE, *et al.*,

        Defendants.

17-CV-6319-LJV-HKS
DECISION & ORDER

On May 22, 2017, the *pro se* plaintiff, Ramel Robinson, commenced this action under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).  Docket Item 1.  Robinson alleges that the defendants[1] violated his constitutional rights when they placed him in a holding cell with, and failed to protect him from, Johnny Blackshell, an inmate against whom Robinson had previously testified.  *Id.*  On August 30, 2018, this Court referred the matter to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 25.

On November 8, 2019, the defendants moved for summary judgment, Docket Item 64; on April 23, 2020, Robinson responded and cross-moved for summary judgment, Docket Item 83; and on May 19, 2020, the defendants replied, Docket Item 84.  On February 4, 2021, Judge Schroeder issued a Report, Recommendation, and

---

[1] "The U.S. Marshal's Service" was dismissed from this action, Docket Item 4 at 3, so the only remaining defendants are "U.S. Marshal [Aaron] Ward," Thomas Greiner, and James R. Smith.

Order ("RR&O") finding that the defendants' motion for summary judgment should be granted. Docket Item 89.

After Robinson moved for an extension of time in which to object to the RR&O, on March 29, 2021, he filed a letter stating that he no longer needed the extension and instead was "asking that the courts [sic] grant summary judgment in [his] favor or set a trial date." Docket Items 92, 93. On April 28, 2021, the defendants responded. Docket Item 95. Robinson then moved for, and was given, an extension of time in which to reply, Docket Items 96, 97, but he never filed a reply. Instead, on June 28, 2021, Robinson moved for the appointment of counsel. Docket Item 98.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But an objection must "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection" and must "be supported by legal authority." W.D.N.Y. Local R. Civ. P. 72(b). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [RR&O] strictly for clear error." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted); *see also Chinn v. Elmwood Franklin School*, 2019 WL 6266193, at *1 (W.D.N.Y. Nov. 29, 2018). "Similarly, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to

invoke *de novo* review." *Molefe*, 602 F. Supp. 2d at 487 (alteration in original) (citation omitted).

Robinson's letters clearly are not objections. But even if this Court were to construe Robinson's letters as objecting to the RR&O, his objections would not warrant *de novo* review. Robinson does not offer any reason to dispute the RR&O, provide a single record citation disputing any factual findings, or cite a single case contesting any legal findings. *See* Docket Items 92, 93. As the First Circuit has observed, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do [the] work, create the ossature for the argument, and put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). For that reason alone, the Court would adopt the RR&O.

Nevertheless, and in light of Robinson's *pro se* status, this Court has carefully and thoroughly reviewed the RR&O; the record in this case; the letters and response; and the materials submitted to Judge Schroeder. Based on that *de novo* review, the Court accepts substantively, and adopts, Judge Schroeder's recommendation to grant the defendants' motion for summary judgment.

The undisputed facts show that defendants James Smith and Thomas Greiner had no reason to believe that Blackshell posed a risk to Robinson when they placed Robinson and Blackshell in a cell together. *See* Docket Item 71 at ¶¶ 12-14, 23-26. For that reason, Robinson cannot show that Smith or Greiner acted with deliberate indifference, and Robinson therefore cannot succeed on the merits of his claims against Smith or Greiner. *See Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) (explaining that to prove deliberate indifference a "pretrial detainee must prove that the defendant-

3

official acted intentionally . . . or recklessly failed to act with reasonable care to mitigate [a] risk that the . . . defendant-official knew, or should have known, [to exist]"). Likewise, because Robinson has admitted that defendant Aaron Ward was not personally involved in placing Robinson and Blackshell in the same cell, Robinson cannot succeed on the merits of his claim against Ward. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation.").

Therefore, for the reasons stated above and in the RR&O, the defendants' motion for summary judgment, Docket Item 64, is GRANTED; Robinson's cross-motion for summary judgment, Docket Item 83, is DENIED; Robinson's motion for the appointment of counsel, Docket Item 98, is DENIED as moot; the complaint, Docket Item 1, is DISMISSED; and the Clerk of the Court shall close the file.

This Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Robinson must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: September 17, 2021
       Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE